**Opinion issued August 22, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-22-00783-CV**

———————————

**SCOTT SMITH AND MICHELLE WILLIAMS, Appellants**

**V.**

**U.S. LAW SHIELD, LLC, Appellee**

*and*

**U.S. LAW SHILED, LLC, Appellant**

**V.**

**LANA BRYAN, Appellee**

---

**On Appeal from the 270th District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-46778**

---

**MEMORANDUM OPINION**

On October 5, 2022, appellants, Scott Smith and Michelle Williams, filed a notice of appeal from the trial court's September 15, 2022 temporary injunction in favor of appellee, U.S. Law Shield, LLC. On October 6, 2022, U.S. Law Shield, LLC, filed a notice of appeal from the trial court's September 16, 2022 order denying its application for temporary injunction against appellee, Lana Bryan.

On August 2, 2024, Smith and Williams filed a motion to dismiss their appeal.[1] In their motion, Smith and Williams represented that the "[p]arties entered a Confidential Settlement and Release Agreement on May 17, 2024," and the trial court case had since been dismissed. Smith and Williams therefore requested that the Court dismiss their appeal.

The motion to dismiss filed by Smith and Williams did not include a certificate of conference stating that they conferred, or made a reasonable attempt to confer, with the other parties regarding the relief requested in the motion. *See* TEX. R. APP. P. 10.1(a)(5). Additionally, the motion to dismiss filed by Smith and Williams did not address the notice of appeal filed by U.S. Law Shield, LLC.

However, on August 8, 2024, U.S. Law Shield, LLC filed a motion to dismiss its appeal from the trial court's September 16, 2022 order denying its application for injunctive relief against Bryan. In its motion, U.S. Law Shield, LLC stated that the

---

[1] On July 18, 2023, the Court abated this appeal because the appellate record did not include an appendix containing a transcript of electronically recorded proceedings in the underlying litigation. *See* TEX. R. APP. P. 38.5(a).

"parties ha[d] resolved this case," and requested dismissal of its appeal. U.S. Law Shield, LLC's motion to dismiss also did not include a certificate of conference stating that it conferred, or made a reasonable attempt to confer, with the other parties regarding the relief requested in the motion. *See* TEX. R. APP. P. 10.1(a)(5).

However, more than ten days have passed, and no party has expressed opposition to either the motion to dismiss filed by Smith and Williams or the motion to dismiss filed by U.S. Law Shield, LLC. *See* TEX. R. APP. P. 10.3(a)(2). Further, no other party has filed a notice of appeal, and no opinion has issued. *See* TEX. R. APP. P. 42.1(a)(2), (c).

Accordingly, we reinstate this appeal to the Court's active docket, grant the motion to dismiss filed by Smith and Williams, and dismiss their appeal from the trial court's September 15, 2022 temporary injunction order. We further grant the motion to dismiss filed by U.S. Law Shield, LLC and dismiss its appeal from the trial court's September 16, 2022 order denying its application for temporary injunction against Bryan. *See* TEX. R. APP. P. 42.1(a)(1), 43.2(f). We dismiss all other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Goodman, Guerra, and Farris.